[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

_____

No. 10-14894
Non-Argument Calendar

_____

D.C. Docket No. 7:09-cv-00027-HL

TERRI CREECH,

Plaintiff-Appellant,

versus

TIFT REGIONAL HOSPITAL AUTHORITY,
d.b.a. Tift Regional Medical Center,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

(June 17, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Terri Creech appeals the summary judgment against her complaint that Tift Regional Hospital Authority interfered with her right to reinstatement under the Family and Medical Leave Act. 29 U.S.C. § 2614(a)(1). The district court ruled that Creech had no right to reinstatement because Tift Regional decided to eliminate Creech's position before she requested leave under the Act. We affirm.

To prove that an employer interfered with a right of reinstatement, "an employee must demonstrate that [s]he was denied a benefit to which [s]he was entitled under the [Family Medical Leave Act]." Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1266–67 (11th Cir. 2008) (citing 29 U.S.C. § 2615(a)(1)). An employee who returns to work after taking leave covered by the Act is entitled to be returned to her former position or its equivalent. 29 U.S.C. § 2614(a)(1); Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001). This right of reinstatement "is not absolute; rather, 'an employer can deny reinstatement if it can demonstrate that it would have discharged the employee had she not been on FMLA leave.'" Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1241 (11th Cir. 2010) (quoting Martin, 543 F.3d at 1267).

Tift Regional did not interfere with Creech's right to reinstatement by eliminating her position as coordinator of the surgical care improvement program.

2

Tift Regional proved without dispute, through the testimony of its director of human resources, Ellen Eaton, and the testimony of Creech's supervisor, Tonia Garrett, that the hospital decided in the fall of 2006 to eliminate Creech's position and transfer her responsibilities to the quality management department. About three months later, in February 2007, Creech requested medical leave to undergo hip replacement surgery. When Creech returned in April 2007, her position had been eliminated. The decision by Tift Regional to eliminate Creech's position was unrelated to her request for medical leave, see Schaaf, 602 F.3d at 1241; Strickland, 239 F.3d at 1208, and, upon her return, Creech was not entitled to a "position of employment other than any" she "would have been entitled had [she] not taken the leave," 29 U.S.C. § 2614(a)(3)(B). Because Tift Regional had eliminated Creech's position, she was not entitled to reinstatement.

The summary judgment in favor of Tift Regional is **AFFIRMED**.